UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

---------------------------------------------------------------X    Chapter 13

IN RE:

    CASE NO.: 1-19-43235-cec

CHERRY FRANCIS

    Judge: Hon. Carla E. Craig

                      Debtor.

---------------------------------------------------------------X

GUSTAVIA HOME, LLC,

                        Plaintiff,

               -against-

BANK OF AMERICA, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATED TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-3,

                        Defendant.

---------------------------------------------------------------X

## COMPLAINT

    Gustavia Home, LLC ("Gustavia"), as Plaintiff herein, complains of Defendants Bank of America, N.A. ("BANA") and Deutsche Bank National Trust Company As Trustee Under The Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-3 ("DBNTC") as follows:

### JURISDICTION AND VENUE

    1.    This action is brought pursuant to sections 105(a), 502, 506 of title 11, United States Code (the "Bankruptcy Code") and under Rules 3007, 3012, 7001(2) and (9) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

2.    This Court has jurisdiction over this action under 28 U.S.C. sections 157 and 1334 and the standing order of the United States District Court for the Eastern District of New York, referring all bankruptcy cases filed herein and all matters arising in and under said cases and related thereto the Bankruptcy Judges of this District, as the action arises in and under and/or relates to the instant Chapter 13 bankruptcy case of the Debtor.

3.    This action is a proceeding arising under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code as contemplated under 28 U.S.C. section 157(b)(1).

4.    This action is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (B), (K) and (O).

## GENERAL ALLEGATIONS

5.    On August 25, 2006, debtor Cherry Francis ("Francis" or the "Debtor") executed a mortgage (the "Gustavia Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for Impac Funding Corporation (the "Lender"), encumbering the property located at 11545 155 Street, Jamaica, NY 11434 (the "Property").

6.    On December 6, 2006, the Gustavia Mortgage was recorded in the Office of the City Register For The City of New York under CRFN 2006000670883. A true and correct copy of the recorded Gustavia Mortgage is annexed hereto as **Exhibit A**.

7.    The Gustavia Mortgage secures a promissory note (the "Gustavia Note") in the original principal amount of Ninety Nine Thousand Dollars and Zero Cents ($99,000.00), executed by Francis on August 25, 2006, and delivered to the Lender. A true and correct copy of the endorsed Gustavia Note is annexed hereto as **Exhibit B**.

8.    The Gustavia Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Gustavia. The indorsed Gustavia Note was

physically delivered to Gustavia on January 7, 2016. A copy of the affidavit of possession is annexed hereto as **Exhibit C**; see **Exhibit B**. The Assignments of Mortgage are collectively annexed hereto as **Exhibit D**.

9. The Debtor and James Francis also executed a mortgage (the "BANA/DBNTC Mortgage") in favor of MERS as Nominee for Lender. A copy of the BANA/DBNTC Mortgage is annexed hereto as **Exhibit E**. The BANA/DBNTC Mortgage was subsequently assigned to DBNTC. A copy of the Assignment of Mortgage is annexed hereto as **Exhibit F**.

10. Without consent of Gustavia, or its predecessors in interest, BANA/DBNTC entered into a Consolidation and Modification Agreement (the "CEMA") with Francis that was recorded on May 12, 2014 under CRFN 2014000161332. A copy of the CEMA is annexed hereto as **Exhibit G**. The CEMA added $129,610.44 of "New Money" to the BANA/DBNTC Mortgage obligation. See id.

11. On May 29, 2019 the Debtor commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

12. Plaintiff now files this action seeking to recover under unjust enrichment and seeking a declaratory judgment that the Gustavia Mortgage has priority over the BANA/DBNTC Mortgage.

## CAUSES OF ACTION

### UNJUST ENRICHMENT

13. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "12" of the Complaint with the same force and effect as if more specifically set forth herein.

14. Upon information and belief, Debtor defaulted on the BANA/DBNTC Mortgage a loan modification was offered, accepted by Francis and recorded. See **Exhibit G**.

15. Upon information and belief, the CEMA increased the principal balance secured by the BANA/DBNTC Mortgage and gave BANA/DBNTC the opportunity to secure more money than it had prior to the CEMA. See id.

16. Upon information and belief, over the life of the U.S. Bank Loan, the CEMA will allow it to recover more than it would have under the original terms of BANA/DBNTC Mortgage.

17. The CEMA also gave BANA/DBNTC a greater security interest to the Property than what it originally had under the BANA/DBNTC Mortgage.

18. This greater security interest in the Property that BANA/DBNTC obtained through the CEMA was to the detriment of the Plaintiff.

19. The CEMA eliminated equity from the Property, reducing Plaintiff's ability to recover the amounts due under the Gustavia Mortgage and Note.

20. Since BANA/DBNTC eliminated the equity from the Property, it has been unjustly enriched.

21. BANA/DBNTC by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of Plaintiff.

22. Defendants are being unjustly enriched under the terms of the CEMA. Plaintiff should be declared a secured lien against the Property with priority over the CEMA and the amounts due under it.

## DECLARATORY JUDGMENT FOR
## SUBORDINATION OF BANA/DBNTC MORTGAGE

23. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "22" of the Complaint with the same force and effect as if more specifically set forth herein.

24. Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (*internal citations omitted*) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

25. The CEMA created a substantial, material and adverse impairment of the Gustavia Note and Gustavia Mortgage.

26. The CEMA was entered into after the Gustavia Note was delivered by the Debtor to Plaintiff's Lender and after the Gustavia Mortgage was recorded.

27. Plaintiff received no written notice or other advisement of the CEMA in violation of New York law.

28. Plaintiff never consented to the CEMA.

29. The actual, substantial and adverse impact on the Gustavia Mortgage has caused a changed circumstance between the BANA/DBNTC and the Gustavia Mortgage that requires the BANA/DBNTC Mortgage to become subordinate to the Gustavia Mortgage.

30. Therefore, New York law renders the BANA/DBNTC wholly subordinate to the Gustavia Mortgage, and the Gustavia Mortgage becomes the first position mortgage against the Property.

## DECLARATORY JUDGMENT FOR
## PARTIAL SUBORDINATION OF U.S. BANK MORTGAGE

31. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "30" of the Complaint with the same force and effect as if more specifically set forth herein.

32. If it is determined that the unpaid principal balance under the CEMA is greater than the unpaid principal balance under the BANA/DBNTC Mortgage, then the difference between the CEMA and BANA/DBNTC Mortgage must be made subordinate to the Gustavia Mortgage.

33. The priorities of the BANA/DBNTC Mortgage, as bifurcated and the Gustavia Mortgage would be: (a) BANA/DBNTC Mortgage; (b) Gustavia Mortgage; and (c) the amount which equals the CEMA principal balance minus the original principal balance of the BANA/DBNTC Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against U.S. Bank as follows:

1. On the First Cause of Action, for unjust enrichment;
2. On the Second Cause of Action, subordinating in full the BANA/DBNTC Mortgage to the Gustavia Mortgage;

3. On the Third Cause of Action, subordinating part of the BANA/DBNTC Mortgage in an amount to be determined of the BANA/DBNTC Mortgage to the Gustavia Mortgage;

4. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

5. Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
July 19, 2019

**HASBANI & LIGHT, P.C.**

*/s/ Seth D. Weinberg*
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Ste 1408
New York, NY 10123
212.643.6677
sweinberg@hasbanilight.com