UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
------------------------------------------------------------------X

IN RE:                                              Chapter 13

CHERRY FRANCIS                                      Case No.: 19-43235(CEC)

                     Debtors.

------------------------------------------------------------------X

GUSTAVIA HOME, LLC
                            Adv. Proc. No. 19-01097(CEC)

                     Plaintiff,

         -against-

BANK OF AMERICA, N.A. AND DEUTSCHE
BANK NATIONAL TRUST COMPANY AS
TRUSTEE UNDER THE POOLING AND
SERVICING AGREEMENT RELATED TO IMPAC
SECURED ASSETS CORP., MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2006-3,

                     Defendants.

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS

**HASBANI & LIGHT, P.C.**
Seth D. Weinberg, Esq.
*Attorneys for Plaintiff*
*Gustavia Home, LLC*
450 Seventh Ave, Suite 1408
New York, New York 10123
(P) (212) 643-6677
(F) (347) 491-4048
sweinberg@hasbanilight.com

Dated: September 27, 2019

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ............................................................................1

II.   INTRODUCTION ...........................................................................................1

III.  FACTUAL BACKGROUND ...........................................................................2

IV.   ARGUMENT ...................................................................................................4

    A.    Legal Standard ........................................................................................4

    B.    Plaintiff Has Standing To Maintain The Instant Action Because It Has Established Its Ownership of Its Note and Mortgage Through Possession of The Endorsed Note ......................5

    C.    Plaintiff Sufficiently Pleaded A Cause of Action For Unjust Enrichment and Declaratory Judgment For Subordination ....................................................................5

        *i.    Unjust Enrichment* ........................................................................6

        *ii.   Complete and Partial Subordination* .............................................7

V.    CONCLUSION ................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87 (2d Cir. 2007) ......................................4

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)) ...........................................................................4

*Campione v. Campione*, 942 F.Supp.2d 279 (E.D.N.Y. 2013) ...........................................................6

*Chernish v. Massachusetts Mut. Life Ins. Co.*, 2009 WL 385418 (N.D.N.Y. 2009) ......................6

*Conley v. Gibson*, 355 U.S. 41 (1957) ..................................................................................................4

*Dura Pharm., Inc. v. Broudo,* 544 U.S. 336 (2005) .............................................................................6

*Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315 (1st Dep't 1934) ......................................7

*Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964 (4th Dep't 1996) ....7

*In re Bellamy,* 16-74097-AST, 2019 WL 137135 (Bankr. E.D.N.Y. Jan. 8, 2019).........................7

*In re White*, 514 B.R. 365 (Bankr. E.D.N.Y. 2014) .............................................................................7

*Jenkins v. McKeithen*, 395 U.S. 411 (1969) ........................................................................................4

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173 (N.Y. Court of Appeals 2011) ..................6

*Miller v. Schloss*, 218 N.Y. 400 (N.Y. Court of Appeals 1916) ........................................................6

*Miller v. Schloss*, 218 N.Y. 400 (N.Y. Court of Appeals 1916) ........................................................6

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir.1993).............................................................4

*OneWest Bank, N.A. v. Melina,* 827 F.3d 214 (2d Cir. 2016)............................................................5

*Semerdjian v. McDougal Littell*, 2008 WL 110942 (S.D.N.Y 2008) .................................................4

*Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234 (3d Dep't 1993) ...................................7

*Valmonte v. Bane*, 18 F.3d 992 (2d Cir.1994) ....................................................................................4

*Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129 (S.D.N.Y. 1993) ...........................................4

*York v. Ass'n of Bar of City of New York*, 286 F.3d 122 (2d Cir.2002)...............................................4

**Statutes**

Fed. R. Bankr. P. 7012 ......................................................................................................2

Fed. R. Civ. P. 12(b)(1)......................................................................................................2

Fed. R. Civ. P. 12(b)(6)...................................................................................................2, 5

Fed. R. Civ. P. 8(a) .........................................................................................................6, 7

## I.    PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia Home") in opposition to Defendant Bank of America, N.A.'s ("Defendant" or "BANA") motion for an order dismissing the Amended Adversary Complaint pursuant Fed. R. Civ. P. 12(b)(1) and 12(b)(6) made applicable to this proceeding by Fed. R. Bankr. P. 7012. As set forth below, Plaintiff demonstrates that it has stated a plausible claim for relief against BANA and the Amended Complaint should not be dismissed as the BANA.

## II.    INTRODUCTION

This adversary proceeding was commenced on July 19, 2019 seeking a declaratory judgment for subordination or in the alternative partial subordination of the mortgage that is allegedly currently held by the defendant Deutsche Bank National Trust Company, As Trustee Under The Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-3 ("DBNTC as Trustee"). The Complaint was later amended on August 22, 2019. DBNTC as Trustee and its prior loan servicer, BANA, modified its original loan without the consent of Plaintiff. By doing so, Plaintiff's lien was adversely affected. A copy of the Amended Complaint is attached hereto as **Exhibit A**.

BANA's motion to dismiss must be denied in its entirety. Plaintiff's amended complaint states a viable cause of action upon which relief can be granted. It is undisputed that BANA acting as servicer for DBNTC as Trustee, modified the original loan given to the Debtor Cherry Francis (the "Debtor" or "Francis") and increased the unpaid principal balance ("UPB") to the detriment of the Plaintiff.

In its motion, BANA incorrectly alleges that Plaintiff lacks standing to sue because it does not hold a valid interest in the Property. This argument fails because Plaintiff has established its physical possession of the endorsed note memorializing its loan since January 7, 2016.

Additionally, BANA incorrectly argues that DBNTC as Trustee is entitled $129,610.44 of the "New Monies" that were added to the Loan Modification. This argument fails because neither the Loan Modification nor the Defendant in the instant motion have provided one single piece of evidence of the calculation used to obtain the new UPB, any evidence that any advances were paid by DBNTC as Trustee on behalf of Debtors, and even if any advances were made, that DBNTC as Trustee was entitled to collect on such advances.

Furthermore, BANA's argument that the use of a 2019 appraisal is misplaced fails as a matter of law because it is undisputed that since 2011 this property has appreciated in value. Thus, the use of a 2019 appraisal is actually to the benefit of BANA. Finally, BANA as the servicer of in 2011 offered, finalized and implemented the Loan Modification. Thus, it is clear that BANA as servicer played a significant role in the Loan Modification that has resulted in impairing Plaintiff's interest.

BANA's motion fails to prove beyond a doubt that Plaintiff's allegations are insufficient and cannot be proven. Again, BANA has not provided any evidence with regard to the calculation of the new UPB, nor a payment history, nor any evidence that Defendant is entitled to the additional amounts added to the UPB. As triable issues of fact remain, the adversary proceeding should be allowed to continue and the parties should be allowed to conduct discovery in attempts to resolve the outstanding issues.

## III.  FACTUAL BACKGROUND

On August 25, 2006, Debtor executed a mortgage (the "Gustavia Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for Impac Funding Corporation (the "Lender"), encumbering the property located at 11545 155 Street, Jamaica, NY 11434 (the "Property").

On December 6, 2006, the Gustavia Mortgage was recorded in the Office of the City Register For The City of New York under CRFN 2006000670883. A true and correct copy of the recorded Gustavia Mortgage is annexed to the Amended Complaint as **Exhibit A**.

The Gustavia Mortgage secures a promissory note (the "Gustavia Note") in the original principal amount of Ninety Nine Thousand Dollars and Zero Cents ($99,000.00), executed by Debtor on August 25, 2006, and delivered to the Lender. A true and correct copy of the endorsed Gustavia Note is annexed is annexed to the Amended Complaint as **Exhibit B**.

The Gustavia Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Gustavia. The endorsed Gustavia Note was physically delivered to Gustavia on January 7, 2016. A copy of the affidavit of possession is annexed to the Amended Complaint as **Exhibit C**; *see,* Amended Complaint **Exhibit B**. The Assignments of Mortgage are collectively annexed is annexed to the Amended Complaint as **Exhibit D**.

The Debtor and James Francis also executed a mortgage (the "DBNTC Mortgage") in favor of MERS as Nominee for Lender. A copy of the DBNTC Mortgage is annexed is annexed to the Amended Complaint as **Exhibit E**. The DBNTC Mortgage was subsequently assigned to DBNTC. A copy of the Assignment of Mortgage is annexed to the Amended Complaint as **Exhibit F**.

Without consent of Gustavia, or its predecessors in interest, BANA on behalf of DBNTC as Trustee, entered into a Consolidation and Modification Agreement (the "CEMA") with Debtor that was recorded on May 12, 2014 under CRFN 2014000161332. A copy of the CEMA is annexed to the Amended Complaint as **Exhibit G**. The CEMA added $129,610.44 of "New Money" to the DBNTC Mortgage obligation. *See id*.

On May 29, 2019 the Debtor commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

## IV.    ARGUMENT

### A.  Legal Standard

"Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations." *Semerdjian v. McDougal Littell*, 2008 WL 110942, 2 (S.D.N.Y 2008) *citing*, *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.2002); *see also*, *Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir.1993); *Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129, 1137 (S.D.N.Y. 1993). "A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Semerdjian, citing Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also*, *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Semerdjian, citing ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87 (2d Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

The movant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must show beyond a doubt that no set of facts can support the claims made. The opposing party need only show a right to the relief beyond the speculative level. As stated above, it is undisputed that BANA as the servicing agent of DBNTC as Trustee raised the UPB, the amount owed on the original loan taken

out by Debtor. Defendant has not provided a single piece of evidence showing that the additional sums added are monies to which DBNTC as Trustee was entitled.

### B. Plaintiff Has Standing To Maintain The Instant Action Because It Has Established Its Ownership of Its Note and Mortgage Through Possession of The Endorsed Note

BANA incorrectly argues that Plaintiff lacks standing to sue because it does not possess a valid interest in the Property. This argument is completely unfounded because Plaintiff established its physical possession of the endorsed Gustavia Note as of January 7, 2016. It is well established that proof of physical possession of an endorsed note, such as an affidavit of note possession is sufficient to establish a party's ownership interest in a note and mortgage. *See, OneWest Bank, N.A. v. Melina,* 827 F.3d 214, 223 (2d Cir. 2016).

Here, the Gustavia Mortgage secures the Gustavia Note in the original principal amount of Ninety Nine Thousand Dollars and Zero Cents ($99,000.00). *See,* Amended Complaint, **Exhibit B**. The Gustavia Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Gustavia. The endorsed Gustavia Note was physically delivered to Gustavia on January 7, 2016. *See, id.* **Exhibits B** and **C**.

Thus, Gustavia has established in compliance with Second Circuit precedent that it has standing to sue because of its established physical possession of the endorsed Gustavia Note.

### C. Plaintiff Sufficiently Pleaded A Cause of Action For Unjust Enrichment and Declaratory Judgment For Subordination

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." The main purpose of this rule is to "facilitate a proper decision on the merits." A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. However, it is well established that even this liberal notice pleading standard "has its limits." As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard. *See, Chernish v. Massachusetts Mut. Life Ins. Co.*, 2009 WL 385418, 2 (N.D.N.Y. 2009) citing to *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336 (2005).

i.    *Unjust Enrichment*

Courts have held "an unjust enrichment claim is rooted in "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Campione v. Campione*, 942 F.Supp.2d 279, 284 (E.D.N.Y. 2013) citing to *Miller v. Schloss*, 218 N.Y. 400, 407 (N.Y. Court of Appeals 1916). The Court in *Campione* further held that the elements of unjust enrichment are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Id. citing to Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (N.Y. Court of Appeals 2011).

In the within action, Plaintiff's cause of action has properly pleaded all of the aforementioned elements. DBNTC as Trustee's original loan to the Debtor was in the amount of $371,250.00 secured by a mortgage dated August 25, 2006. *See,* **Exhibit E** annexed to **Exhibit A**. BANA served as loan servicer of this loan on behalf of DBNTC as Trustee and executed a Loan Modification in this capacity, under which the DBNTC as Trustee  Loan's UPB was modified to $500,860.44. *See,* **Exhibit G** annexed to **Exhibit A**. This was an increase to the UPB of $129,610.44 of self-proclaimed "New Money." *See*, *id*. This increase was done without the knowledge nor consent of Plaintiff. The Loan Modification simply states the new UPB is made of "…interest, fees and/or costs…" (*emphasis added*). § 5, Affidavit of Exemption, **Exhibit G**

annexed to **Exhibit A**. The loan modification does not specify what fees and costs and advances were attempted to be capitalized there under. *See, id.*

By authorizing the increase in the amounts owed on DBNTC as Trustee's Loan, BANA removed considerable equity that was available in the Property. By doing so, Plaintiff was aggrieved as its loan became at risk. This risk is now clearly evidenced by the pending Pond motion in the related bankruptcy matter.

Therefore, for the reasons stated above, BANA's instant motion to dismiss must be denied.

ii.    *Complete and Partial Subordination*

Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *See, Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965 (4th Dep't 1996) *citing Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321 (1st Dep't 1934); *see also, In re White*, 514 B.R. 365, 369-370 (Bankr. E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

Under virtually the same set of facts as in this matter, the court in *In re Bellamy,* denied the defendant's Fed R. Civ. P. 12(b)(6) motion. *See,* 16-74097-AST, 2019 WL 137135, at *1 (Bankr.E.D.N.Y. Jan. 8, 2019). In *In re Bellamy,* the court determined that a plausible theory of recovery for subordination or partial subordination was been pled when the plaintiff alleged that

the principal of the senior mortgage was increased under a loan modification, and the Plaintiff did not consent to this alleged increase. *See, id.*

In the within action, Plaintiff in its amended complaint, and BANA confirmed in its instant motion that the original principal balance of DBNTC as Trustee's Loan was originally in the amount of $371,250.00. *See,* **Exhibit E** annexed to **Exhibit A**. BANA served as loan servicer of this loan on behalf of DBNTC as Trustee and executed a Loan Modification in this capacity, under which the DBNTC as Trustee Loan's UPB was modified to $500,860.44. *See,* **Exhibit G** annexed to **Exhibit A**. This was an increase to the UPB of $129,610.44 of self-proclaimed "New Money." *See*, *id*. This increase was done without the knowledge nor consent of Plaintiff. The Loan Modification simply states the new UPB is made of "…interest, fees and/or costs…" (*emphasis added*). § 5, Affidavit of Exemption, **Exhibit G** annexed to **Exhibit A**. The loan modification does not specify what fees and costs and advances were attempted to be capitalized there under. *See, id.*

Plaintiff now has a legitimate claim to priority over the DBNTC as Trustee's lien. BANA's actions have adversely affected Plaintiff's ability to recover monies from its loan, because BANA's actions has servicing against of DBNTC as Trustee resulted in the draining of considerable equity out of the Property.

Accordingly, this Court should follow the precedent set forth in *In re Bellamy* and deny the instant motion.

## V.    CONCLUSION

Again, Plaintiff has properly pleaded its cause of actions and it has put BANA on notice of exactly what Plaintiff's claims are. BANA has not submitted any evidence, which shows beyond a doubt that the additional "New Money" added to the original loan are amounts that DBNTC as Trustee was entitled to. BANA has not met its burden showing beyond a doubt that the within

complaint fails to state a cause of action upon which relief may be granted. Finally, BANA as servicing agent for DBNTC as Trustee was untimely responsible for the approval of the Loan Modification in questions.  Therefore, BANA's motion must be denied in its entirety.


Respectfully submitted,

*/s/ Seth D. Weinberg*