

**HASBANI &
LIGHT, P.C.**

ATTORNEYS AT LAW

Seth D. Weinberg, Esq.

450 Seventh Ave, Ste 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
sweinberg@hasbanilight.com

March 3, 2020

<u>**VIA ECF**</u>
Chief Judge Carla E. Craig
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

   RE: *Gustavia Home, LLC v. Deutsche Bank National Trust Company, et al*
      Adversary Pro. No.: 19-01097-cec
      Letter in Opposition to Request for Leave to File Motion for Summary Judgment

Dear Judge Craig,

We represent Gustavia Home, LLC (the "Plaintiff" of "Gustavia") in the above referenced adversary proceeding. We write in response to Deutsche Bank National Trust Company As Trustee Under The Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-3's ("Defendant" or "DBNTC") March 3, 2020 letter seeking leave of this Court to file a Motion for Summary Judgment under seal. *See* ECF Dkt. No.: 25. Gustavia opposes DBNYC's request only to the extent that leave to file a Motion for Summary Judgment should be denied because discovery concerning the central issue to this matter remains outstanding. The issue concerns DBNTC establishment through documentary proof of its alleged payment of taxes, insurance and other expenses. These alleged expenditures were then capitalized into a loan modification despite the fact that DBNTC cannot established having paid these expenses.

Gustavia commenced this adversary proceeding on July 19, 2019. *See* ECF Dkt. No.: 1. On August 22, 2019, Gustavia filed an amended complaint. *See* ECF Dkt. No.: 8. On October 11, 2019, the undersigned served a Notice to Take Depositions and a First Set of Requests for Production on Counsel for DBNTC. The response First Set of Requests for Production was initially due November 10, 2019 and the deposition was noticed for December 5, 2019. The parties subsequently agreed to adjourn these dates and DBNTC reiterated that it would produce a witness for a deposition. At the February 4, 2020 hearing, this Court issued a Scheduling order mandating that discovery must be completed no later than March 31, 2020. *See* ECF Dkt. No.: 24. On February 28, 2020, DBNTC provided its Responses and Objections to Plaintiff's First Request for Production of Documents. DBNTC stated in its cover-email to the undersigned that additional confidential documents would be provided pending the issuance of a Protective Order.

On March 2, 2020, the undersigned and counsel for DBNTC agreed to the terms of exchange for these additional confidential documents pending this Court execution of a Protective Order. However, a new deposition of a DBNTC has not been scheduled because Gustavia needs the

supplemental production to move forward with the deposition. Thus, DBNTC's request for leave is pre-mature because a significant portion of its document production has not yet been provided to the undersigned and the deposition of the DBNTC representative still must occur.

We thank the Court for its continued attention to this matter.

Respectfully,

*/s/ Seth D. Weinberg*

cc:     **VIA ECF**
        Karena J. Straub, Esq.
        Parker Ibrahim & Berg LLP
        *Counsel for DBNTC as Trustee*
        270 Davidson Avenue, 5th Floor
        Somerset, New Jersey 08883